Matter of Walton v Walters (2026 NY Slip Op 00905)

Matter of Walton v Walters

2026 NY Slip Op 00905

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-06513
 (Docket No. O-21897-23)

[*1]In the Matter of Tameka Walton, appellant,
vMilton Walters, respondent.

Charles Lawson, Brooklyn, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Laura M. Paley, Ct. Atty. Ref.), dated June 10, 2024. The order, after a hearing, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding against the respondent, her former boyfriend, alleging that he had committed acts constituting, among other things, the family offense of harassment in the second degree. Following a hearing, the Family Court, in effect, denied the petition and dismissed the proceeding, concluding that the petitioner failed to establish that the respondent committed a family offense. The petitioner appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the family offense by a fair preponderance of the evidence" (Matter of Hossain v Chowdhury, 238 AD3d 751, 752 [internal quotation marks omitted]; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Warren v Brandofino, 236 AD3d 917, 918 [internal quotation marks omitted]; see Matter of Mitchell-George v George, 234 AD3d 969, 969). "As relevant here, a person commits the family offense of harassment in the second degree when, with intent to harass, annoy, or alarm another person, he or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Matter of Martinez v Toole, 239 AD3d 855, 857 [internal quotation marks omitted]; see Penal Law § 240.26[3]; Matter of Williams v Rodriguez, 225 AD3d 776, 777).
Here, the petitioner failed to establish by a fair preponderance of the evidence that the respondent committed the family offense of harassment in the second degree (Penal Law 240.26[3]; see Matter of Martinez v Toole, 239 AD3d at 858). The petitioner failed to adduce evidence that would support a finding that the respondent engaged in a course of conduct or repeatedly committed acts that alarmed or seriously annoyed the petitioner and that served no legitimate purpose (Penal Law § 240.26[3]).
The petitioner's remaining contention is not properly before this Court.
Accordingly, the Family Court properly, in effect, denied the petition and dismissed the proceeding.
DILLON, J.P., DOWLING, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court